Hely, J.
I. INTRODUCTION
This case concerns the April 13, 1999, decision of the North Attleborough Zoning Board of Appeal regarding a nonconforming business use of a building at 771 East Washington Street and 95 Smith Street owned by Robert and Mary Louise Champagne. The premises are in an R-10 residence district. The appellants before the Board were Peter and Carol Curran, the owners of an abutting residence. The Board found that “the nonconforming business use has been abandoned” at the subject property. The Board determined that a variance would be required for the Champagnes to now use the property for a business use.
The Champagnes appealed the Zoning Board of Appeal decision to this court. The court is required to remand the case to the Zoning Board of Appeal for reconsideration due to a substantial conflict between Section VII B.l.e. of the North Attleborough Zoning By-Law and G.L.c. 40A, Sec. 6, third paragraph.
II. THE CONFLICT BETWEEN THE BY-LAW AND G.L.c. 40A, Sec. 6
At the trial of the Champagnes’ appeal in this court, the attorneys for the Champagnes and the Currans agreed that the Zoning Board of Appeal applied the following provision in Section VII B.l.e. of the North Attleborough Zoning By-Law:
When a nonconforming use of a structure, or structure and premises in combination is discontinued or abandoned for one (1) year, the structure or structures and premises in combination, shall not thereafter be used except in conformance with the regulation of the district in which it is located.
The Champagnes contend that this provision of the By-Law is invalid because it conflicts with the G.L.c. 40A, Sec. 6, third paragraph, and it exceeds the authority given to towns and cities in the adoption of their zoning by-laws. A “city or town cannot adopt a new or amended zoning ordinance or by-law which conflicts with pertinent enabling legislation of general application.” Bartlett v. Board of Appeals of Lakeville, 23 Mass.App.Ct. 664, 670 (1987). The court is compelled to conclude that Section VII B.l.e. exceeds the scope of the Town’s statutory zoning authority to the extent that it extinguishes a permissible nonconforming use after only one year of discontinued use, rather than after the minimum two years required by G.L.c. 40A, Sec. 6, third paragraph.
The first sentence of Chapter 40A, Section 6, of the Massachusetts Zoning Act, states the general rule protecting nonconforming uses that were in existence prior to the adoption of the zoning bylaw: “Except as hereinafter provided, a zoning ordinance or by-law shall not apply to structures or uses lawfully in existence” before the publication of the notice of the public hearing for the adoption of the zoning by-law. G.L.c. 40A, Sec. 6, first paragraph. An exception is that G.L.c. 40A, Sec. 6, third paragraph, permits a city or town to adopt a zoning by-law that regulates nonconforming uses and structures that have been “abandoned or not used for a period of two years or more.”
The “except as hereinafter provided” language in the first sentence of G.L.c. 40A, Sec. 6, and the two-year discontinued use requirement in the exception in G.L.c. 40A, Sec. 6, third paragraph, mean that a town by-law cannot extinguish a preexisting nonconforming use on the basis of abandonment or discontinued use except when the use or structure either has been abandoned or has been “not used for a period of two years or more.”
The court’s opinion in Barrett v. Board of Appeals of Lakeville, supra, is also informative here because it explains that before the 1975 enactment of G.L.c. 40A, the prior zoning enabling statute permitted by-laws that extinguished nonconforming uses without requiring abandonment or a minimum two years of discontinued use. 23 Mass.App.Ct. at 665-68. As pointed out in the Bartlett case, Lakeville previously had a one-year discontinued use by-law similar to the North Attleborough by-law in the present case. 23 Mass.App.Ct. at 665. In 1978, however, Lakeville adopted a two-year discontinued use by-law apparently as part of an overall effort “to modify its zoning *685 by-law in such fashion as to bring it into conformity with the provisions of the new G.L.c. 40A . . .” 23 Mass.App.Ct. at 670.
III. RECONSIDERATION BY THE ZONING BOARD OF APPEAL
There was conflicting evidence in this case on the issues of whether the nonconforming use had been abandoned, and for how long a period, if any, had the nonconforming usq been discontinued. Because the Zoning Board of Appeal was applying the invalid one-year discontinued use requirement in the by-law, the Board did not consider whether the business use on the Champagnes’ property had been discontinued for two years or more. G.L.c. 40A, Sec. 6, third paragraph, gives the Town the authority to subject a nonconforming use such as this to the requirements of the Town’s zoning by-law if the nonconforming use either has been abandoned or has been “not used for a period of two years or more. ” If the Zoning Board of Appeal upon reconsideration determines from the evidence at a new hearing that the nonconforming use at the Champagnes’ property was either abandoned or was not used for two years or more, the Board has the statutory authority to require the owners to conform with all applicable provisions of the North Attleborough Zoning By-Law.
In its April 13, 1999, decision the Zoning Board of Appeal made a finding only that the nonconforming business use had been “abandoned.” The court notes that the present G.L.c. 40A, Sec. 6, third paragraph, also permits a town to eliminate a nonconforming use if it has been “not used” for two years or more, even if the use has not been “abandoned." “[AJbandonment is simply one of the two ways in which a nonconforming use can be extinguished.” Ka-Hur Enterprises, Inc. v. Zoning Board of Appeals of Provincetown, 424 Mass. 404, 407 (1997). The other alternative, a discontinuation of the nonconforming use, only requires “a simple cessation of a nonconforming use” for a period of at least two years without any showing of an intent to abandon by the owner. Bartlett v. Board of Appeals of Lakeville, 23 Mass.App.Ct. 664, 669 (1987). The North Attleborough Zoning Board of Appeal is respectfully requested to make a finding on whether the nonconforming use on the Champagnes’ property was “not used” for two years or more.
IV. ORDER
This case is remanded to the North Attleborough Zoning Board of Appeal for a new hearing and reconsideration consistent with this Memorandum of Decision and Order.